IN THE MATTER OF JOSEPH D BOUGHAN

Docket No. 62710. Submitted March 3, 1983, at Grand Rapids.—
    Decided July 19, 1983.

   The Cass County Department of Social Services petitioned the
      probate court to invoke jurisdiction over Joseph David
      Boughan, a minor, alleging failure of the child's mother, Diane
      M. Boughan, to provide proper care. The filing of the petition
      was authorized and the child was placed in foster care and
      made a temporary ward of the court. Ultimately, the child was
      made a permanent ward of the court and the respondent's
      parental rights were terminated, Cass County Probate Court,
      Michael E. Dodge, J. Respondent appeals. *Held:*

   1. JCR 1969, 8.1, which prescribes the time limits within
      which the various phases of a hearing on a neglect petition
      must be conducted, was fully complied with. The complained-of
      delay between preliminary examination and the adjudicative
      phase of the hearing was clearly supported by good cause and
      was expressly agreed to by the respondent.

   2. The evidence presented at the adjudicative phase of the
      proceedings satisfied the petitioner's burden of proof. Further-
      more, respondent's waiver of a jury trial at that stage of the
      proceedings was in no way deficient.

   3. The order terminating parental rights was not premature.
      The order was made more than two years after the child was
      placed in foster care.

   4. The petition recommending termination of parental rights
      set forth sufficiently detailed supporting facts and the statutory
      basis for the request for termination.

   Affirmed.

1. Parent and Child — Termination of Parental Rights — Evi-
      dence.
      Only competent, relevant and material evidence is admissible in

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur 2d, Evidence § 1164.
   59 Am Jur 2d, Parent and Child § 43.
[2] 47 Am Jur 2d, Jury § 66.
   59 Am Jur 2d, Parent and Child § 42.
[3] 59 Am Jur 2d, Parent and Child §§ 39, 40.

the adjudicative phase of a hearing on a petition to terminate parental rights and, where the case is one involving an offense against a child, the petitioner's burden of proof is that of the preponderance of the evidence (JCR 1969, 8.3[A]).

2. Parent and Child — Termination of Parental Rights — Jury Trial.

A party who is waiving a jury trial at the adjudicative phase of a hearing on a petition to terminate parental rights need not be told on the record that there is no right to a jury trial at the dispositional phase of the hearing.

3. Parent and Child — Termination of Parental Rights.

Termination of parental rights may be ordered where a child has been in foster care in the temporary custody of the court on the basis of a neglect petition for at least two years and the parents fail to establish a reasonable probability that they will be able to re-establish a proper home for the child within the following 12 months; the two-year period begins to run when the child is placed in foster care on the basis of the neglect petition (MCL 712A.19a[f]; MSA 27.3178[598.19a][f]).

*William T. Grimmer,* Prosecuting Attorney, for petitioner.

*Eugene J. Brady,* for appellant.

Before: D. E. Holbrook, Jr., P.J., and D. F. Walsh and J. C. Kingsley,* JJ.

D. F. Walsh, J. Respondent Diane Marie Boughan appeals the January 8, 1982, order of the juvenile division of the Cass County probate court terminating her parental rights in her son Joseph David Boughan, who was born June 28, 1979. MCL 712A.19a(f); MSA 27.3178(598.19a)(f).

These proceedings began when a representative of the Cass County Department of Social Services filed a petition to invoke the probate court's juris-

* Circuit judge, sitting on the Court of Appeals by assignment.

diction over Joseph under MCL 712A.2(b)(1); MSA 27.3178(598.2)(b)(1).[1] The petitioner alleged respondent's failure to provide proper medical and health care for Joseph since the child's birth.

Respondent first argues that the probate court did not comply with JCR 1969, 8.1, which provides:

"Phases of Hearing. A juvenile court hearing on the formal calendar consists of the adjudicative phase and the dispositional phase. *Unless adjourned for good cause shown, the adjudicative phase must be docketed and heard within 42 days after the conclusion of the preliminary hearing if the child has been detained.* The interval between the 2 phases, if any, is within the court's discretion, but may not be more than 28 days after the adjudicative hearing without the parties' consent or without good cause shown if the child is taken into custody and not released to the parent, guardian, relative, or proper custodian.

"(A) Adjudicative Phase. The adjudicative phase determines whether the child comes within the court's jurisdiction under MCL 712A.1 *et seq.;* MSA 27.3178(598.1) *et seq.,* as alleged in the petition. There is a right to jury trial.

"(B) Dispositional Phase. The dispositional phase determines measures to be taken by the court with respect to the child and adults properly within its jurisdiction if the court has determined at the adjudicative phase that the child comes within the statute. There is no right to jury trial." (Emphasis added.)

---

[1] "Except as provided herein, the juvenile division of the probate court shall have:

\* \* \*

"(b) Jurisdiction in proceedings concerning any child under 17 years of age found within the county.

"(1) Whose parent or other person legally responsible for the care and maintenance of such child, when able to do so, neglects or refuses to provide proper or necessary support, education as required by law, medical, surgical or other care necessary for his health, morals, or who is deprived of emotional well-being, or who is abandoned by his parents, guardian or other custodian, or who is otherwise without proper custody or guardianship."

Respondent claims a reversibly erroneous violation of the 42-day time limitation. The record conclusively belies this claim. The preliminary hearing on the prosecutor's petition to invoke the court's jurisdiction was held on October 12, 1979. See JCR 1969, 4.1-4.2. At that time, the filing of the petition was authorized, the child was made a temporary ward of the court and was placed in foster care under the supervision of the Department of Social Services, an attorney was appointed as the child's guardian ad litem, and the matter was set for an October 18, 1979, preliminary examination. The parties subsequently stipulated to adjournment of the preliminary examination. A November 13, 1979, order, following a November 7, 1979, hearing, provided:

"It is further ordered, that a stipulation was entered on the record to adjourn this matter for not to exceed 60 days, wherein an adjudicative hearing will be held.

"It is also ordered, that a preliminary examination was waived by all interested parties, and that this matter will be scheduled for a jury trial.

"It is ordered, that said minor remain in his present foster care placement, under the supervision of the Cass County Department of Social Services, pending said jury trial."

In response to the court's inquiry at the November 7, 1979, hearing concerning good cause for the scheduling of the adjudicative phase beyond the 42-day period, the prosecutor stated that the Department of Social Services needed more time to investigate possible placements of the child, to investigate the family situations of involved persons, and to determine if the case should even proceed to the adjudicative phase. Only the guardian ad litem objected; respondent concurred in the

request for adjournment. Trial was set for January 21, 1980, but was adjourned because of inadequate notice to respondent's attorney. The adjudicative phase was held on February 11, 1980. Respondent's challenge to the delay, which was clearly supported by good cause and to which she expressly agreed, is frivolous.

Respondent next argues that the procedures followed at the adjudicative phase were improper. Again, we disagree.

At the beginning of the February 11, 1980, adjudicative hearing, respondent stated that she did not intend to challenge the proofs presented in support of the petition, as amended in response to her request for more specificity in the allegations, and that she wanted to waive her right to a jury trial at the adjudicative phase of the proceedings. The amended petition identified four respects in which respondent had failed to provide proper care for her son since his birth:

"1) During September 1979 abandoned said minor child without proper food, clothing or without proper instructions at a friends *[sic]* house for a two day period. 2) From June 1979 to October 1979 failed to properly feed child causing medical problems to-wit: digestive disorders. 3) From June 1979 to October 1979 failed to respond to child's physical need's *[sic]*: to wit: properly feed or cloth *[sic]* child during the night. 4) From June 1979 to October 1979 failed to respond to child's emotional needs."

The court informed respondent of the individual rights she was waiving in waiving her right to a jury trial. *Cf.* GCR 1963, 785.7(1)(g). The testimony of a Cass County Department of Social Services social worker was offered in support of the amended petition. As noted by the court, that

testimony provided "abundant" evidentiary support for the claim that the child came within the court's jurisdiction under MCL 712A.2(b)(1); MSA 27.3178(598.2)(b)(1). The testimony was competent, relevant and material and clearly satisfied the petitioner's burden of proof by a preponderance of the evidence. JCR 1969, 8.3(A). The record does not support respondent's claim that the adjudicative procedures or her jury trial waiver were in any way deficient. Contrary to respondent's present claim, there is no requirement that one who is waiving jury trial at the adjudicative phase of these juvenile division proceedings be told on the record that there is no right to jury trial at the dispositional phase.

Respondent next challenges the termination of her parental rights as "premature", arguing that termination under MCL 712A.19a(f); MSA 27.3178(598.19a)(f) cannot occur until two years after the initial disposition hearing, which was held in this case on March 19, 1980. The order of termination of parental rights was dated January 8, 1982.

The statute provides:

"Where a child remains in foster care in the temporary custody of the court following the initial hearing provided by section 19, the court may make a final determination and order placing the child in the permanent custody of the court, if it finds any of the following:

* * *

"(f) The child has been in foster care in the temporary custody of the court on the basis of a neglect petition for a period of at least 2 years and upon rehearing the parents fail to establish a reasonable probability that they will be able to reestablish a proper home for the child within the following 12 months."

Respondent's interpretation of the statute is violative of its plain terms. The two-year period begins to run when the child is placed in foster care in the court's temporary custody on the basis of a neglect petition. In this case, the neglect petition was filed on October 11, 1979. The next day, the court ordered that the child be made a temporary ward of the court and be placed in foster care under DSS supervision. On October 16, 1979, the court was informed that DSS had formally accepted the child as its ward on October 15, 1979. The child was placed in foster care, with his grandmother, where he remained throughout these proceedings. When the court took permanent custody, he had been in the court's temporary custody for over 2-1/2 months longer than required by the statute.[2]

At the February 11, 1980, adjudicative hearing, the prosecuting attorney, representing the petitioner, stated that no petition for termination of respondent's parental rights would be filed for one year following the initial disposition hearing. He further indicated that such petition, if filed, would not be based on any facts arising prior to the adjudicative hearing. In its January 6, 1982, opinion, the court indicated that it would honor that agreement. Contrary to respondent's present claim, the court's findings do not suggest that facts arising prior to February 11, 1980, were considered. It is clear that the court's references to the "past two years" were simply shorthand references to the 23-month period which had elapsed since the adjudicative hearing.

[2] Termination of parental rights was sought solely under MCL 712A.19a(f); MSA 27.3178(598.19a)(f), and the court restricted its findings to that statutory provision. The court's findings are amply supported by the record. Of course, even without satisfaction of that provision's two-year limitation, termination was not necessarily precluded. See *In re Delbert Kidder, Jr*, 393 Mich 819 (1975).

Finally, respondent argues that the termination petition was deficient in failing to set forth detailed supporting facts. This claim, too, is without merit. The allegations of the amended neglect petition were specific and supported the conclusion that respondent had failed to provide proper care for her child. She freely chose not to challenge those allegations. In the October 22, 1981, petition for termination of parental rights, it was alleged that respondent had "made no substantial progress in caring for the needs" of her son. The petition set forth the statutory basis for the request for termination. MCL 712A.19a(f); MSA 27.3178(598.19a)(f).

We find that respondent was fully apprised that, to avoid termination, she was to be prepared to establish a reasonable probability that she would be able to establish a proper home for her child within the following 12 months. She was well aware of petitioner's concern with her ability to provide proper food, clothing and emotional support for her son. The record fully justifies the court's finding of clear and convincing evidence to justify termination of her parental rights.

Affirmed.